IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN D. LEWIS,

    Plaintiff,                    No. CIV S-09-1536 MCE GGH PS

    vs.

BILL SCHAUFLER, et al.,            <u>ORDER</u>

    Defendants.

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1	A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2	Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3	(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4	indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5	490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6	pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7	Cir. 1989); Franklin, 745 F.2d at 1227.

8	A complaint must contain more than a "formulaic recitation of the elements of a
9	cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10	speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11	"The pleading must contain something more...than...a statement of facts that merely creates a
12	suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13	Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient
14	factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15	v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16	S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17	the court to draw the reasonable inference that the defendant is liable for the misconduct
18	alleged."  Id.

19	Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20	520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21	Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22	plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23	dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
24	\\\\\
25	\\\\\
26	\\\\\

The court cannot determine whether the complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1]  Rule 8 sets forth general rules of pleading in the Federal Courts.  Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  The complaint does not meet any of these requirements.

The court is unable to determine a jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

It is plaintiff's obligation to state the basis of the court's jurisdiction, and plaintiff has not done so.  Plaintiff alleges that his ex-girlfriend committed perjury over fifty times against him in regard to domestic violence charges; however, plaintiff's public defender never brought these acts to the court's attention.  He also alleges that an old neighbor committed perjury, fraud and forgery by illegally completing an application for emergency protective order against him while posing as plaintiff's ex-girlfriend.  The complaint further alleges that defendant Nevada County Sheriff Condon illegally arrested him and incarcerated him.  Finally, the complaint

---

[1] It also fails to comply with Fed. R. Civ. P. 10, which governs the form of pleadings.

3

alleges that defendants broke into his house and stole over $200,000 in property, but the Nevada County Sheriff's Department refused to take a report. He claims that no amount of money can cure the damage to him.

None of the aforementioned claims state a basis for federal subject matter jurisdiction. Plaintiff has also failed to link most of the defendants to any alleged violations. He has named fifteen defendants in the caption; however, he has described only violations by defendants Condon, Crain, and Stephanie Schaufler. Plaintiff has not alleged how the remaining twelve defendants were involved in any of the allegations. He has additionally failed to specify which defendants were involved in certain alleged violations. For example, he claims that defendant's [sic] broke into his house multiple times to steal his property, yet he does not state which defendants are charged with this allegation. Finally, plaintiff has not made a demand for relief as required by Rule 8(a)(3).

While the Federal Rules adopt a flexible pleading policy, the allegations in the complaint do not state a particular cause of action, and therefore do not put defendants on notice of the claims against them. The aforementioned summary of the complaint indicates that the allegations fail to give fair notice to the defendants and do not state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. The complaint's allegations are not sufficient to put defendants fairly on notice. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8, the complaint must be dismissed. The court will, however, grant leave to file an amended

1  complaint.

2        Plaintiff is informed that the court cannot refer to a prior pleading in order to
3  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
4  complaint be complete in itself without reference to any prior pleading.  This is because, as a
5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
6  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
7  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
8  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9        In accordance with the above, IT IS HEREBY ORDERED that:

10      1. Plaintiff's request for leave to proceed in forma pauperis is granted;

11      2. Plaintiff's complaint is dismissed; and

12      3. Plaintiff is granted thirty days from the date of service of this order to file an
13  amended complaint that complies with the requirements of Federal law, the Federal Rules of
14  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
15  number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an
16  original and two copies of the amended complaint; failure to file an amended complaint in
17  accordance with this order will result in a recommendation that this action be dismissed.

18  DATED: September 15, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Lewis1536.amd.wpd